(No. 1846—■■■■■■)

STANLEY JAICKS COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1931.*

STANLEY JAICKS COMPANY, pro se.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Clarity delivered the opinion of the court:

This is a similar case in fact and law as the Bishop Construction Co., No. 1845, which case this court discussed at length and for that reason will not go into a lengthy discussion in this case.

It appears that claimant entered a bid for certain road construction work on State Bond Issue Route No. 53. Its bid was accepted by the Department of Public Works and Buildings and claimant having filed bond as required by law, immediately commenced performance of the contract between the State and itself according to the bid and under the direction of the Division of Highways. On the 6th day of October, 1931, it received notice from the Division of Highways, Department of Public Works and Buildings that no payment could be made for the work under said contract for the reason that the "Prevailing Wage Law" under which said contract had been let, was held to be invalid by the courts of the State and that in event claimant proceeded further under said contract it did so at its own peril.

It appears that the Department of Public Works and Buildings, Division of Highways considering the loss and damage to claimant which it suffered without the claimant's fault, concluded to make an adjustment with claimant and entered into a stipulation. After a review of the loss of the claimant, stipulated that the fair, just and reasonable value of the work done and the damage incurred by claimant in its performance under the invalid road construction contract on Route No. 53 would amount to $2,187.65 and the claimant through such stipulation agreed to accept said amount in full and complete settlement for any and all work performed and damages incurred, by reason of its performance under said invalid road contract.

That said stipulation was duly executed by claimant and the Department of Public Works and Buildings, Division of Highways of the State of Illinois, by H. H. Cleveland, Director, and Frank T. Sheets, Chief Highway Engineer, and that said stipulation was approved by Oscar E. Carlstrom, Attorney General of Illinois.

Therefore, it is the opinion of the court that this claim has been considered fairly and justly by the State of Illinois through its proper officers and in view of same and the recommendations indicated by said stipulation, this court recommends that claimant be allowed and awarded the sum of $2,187.65.